IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DONALD PERRY,

    Plaintiff,

VS.                                                Case No. 4:16cv231-MW/CAS

TENA M. PATE, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Donald Perry, proceeding pro se, submitted a civil rights complaint, ECF No. 1, an affidavit of indigency, ECF No. 2, a motion for a temporary restraining order, ECF No. 3, and a supporting memorandum of law, ECF No. 5, on April 18, 2016. Plaintiff's affidavit of indigency asserts that he had not filed any civil rights complaints in this Court in the past ten years and "where there is no smoke, there is no fire." ECF No. 2 at 1. Plaintiff also has a high amount of liens against his account for litigation, *see* ECF No. 2 at 7, prompting full review of his litigation history.

Plaintiff's complaint provides the following information on his prior cases: (1) case # 2:13cv14295 filed in the Southern District of Florida, and

(2) case # 13-733 filed in the District of Minnesota. ECF No. 1 at 2-3. Plaintiff does not list any other cases, but states: "I do not recall the other previous frivolous cases." *Id.* at 3.

Plaintiff did not disclose that he previously filed case number 4:11cv105-RH/GRJ in this Court. That case was a civil rights action filed on March 17, 2011, and dismissed in May 2011 pursuant to 28 U.S.C. § 1915(g). ECF Nos. 9-10 of that case. The Report and Recommendation entered by Magistrate Judge Gary Jones found that Plaintiff had "three strikes" under 28 U.S.C. § 1915(g) and was barred from proceeding with in forma pauperis status. ECF No. 6 at 1. That finding was based on an Order of Dismissal entered by United States District Judge Harvey E. Schlesinger of the Middle District of Florida in case number 3:03cv721-HES. That Order listed seven prior cases filed by Plaintiff which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. ECF No. 3 of case # 3:03cv721. The cases listed were:

♦ Case # 3:90cv524, dismissed 8/22/1990 for abuse of judicial process

♦ Case # 3:91cv933, dismissed 11/25/1991 as frivolous

♦ Case # 3:92cv100, dismissed 4/7/1992 for abuse of judicial process

- Case # 3:92cv1379, dismissed 1/26/1993 as frivolous

- Appeal of Case # 3:92cv1379 dismissed as "without arguable merit"

- Case # 3:93cv513, dismissed 4/29/1993 as frivolous

- Case # 3:93cv1165, dismissed 8/27/1993 as frivolous

- Case # 3:93cv1341, dismissed 10/6/1993 as frivolous

It has been confirmed that Plaintiff Donald Perry, D.O.C. inmate # 050031, filed each case listed above.

Thus, the Order entered by Judge Schlesinger noted Plaintiff was barred from proceeding in forma pauperis under § 1915(g)[1] unless he was under imminent danger of serious physical injury and dismissed the case. ECF No. 3 of case # 3:03cv721. The more recent dismissal in this Court of case number 4:11cv105-RH/GRJ for the same reason sufficiently demonstrates that Plaintiff is well aware that he is barred from proceeding with in forma pauperis status under § 1915(g).

---

[1] Section 1915(g) provides that a prisoner may not proceed with in forma pauperis status "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Case No. 4:16cv231-MW/CAS

Additionally, it is evident that Plaintiff's assertion in the complaint that he does "not recall the other previous frivolous cases" was a statement made with an intent to deceive[2] this Court and not disclose that Plaintiff had "three strikes." Plaintiff did not disclose any of the cases dismissed from the Middle District of Florida. For that reason alone, this case should be dismissed as an abuse of the judicial process. However, it should also be dismissed because Plaintiff is not entitled to proceed with in forma pauperis status pursuant to § 1915(g). Plaintiff's complaint against members of the Florida Parole Commission does not include any allegations which show Plaintiff faces imminent danger of serious physical injury. Therefore, it is recommended that this case be dismissed sua sponte pursuant to 28 U.S.C. § 1915(g). All other pending motions should be denied. Dismissal should be without prejudice to the refiling of this action upon payment of the full $400.00 filing fee at the time of case initiation.

**RECOMMENDATION**

---

[2] Plaintiff also stated in the complaint that he was attaching the 8-page order of dismissal from the United States District Court for the District of Minnesota. ECF No. 1 at 3. No other cases were attached or submitted with the complaint. Judicial notice is taken that Plaintiff was denied in forma pauperis status in Case number 13-733 because Plaintiff had "three strikes" under § 1915(g).

Case No. 4:16cv231-MW/CAS

It is respectfully **RECOMMENDED** that the motion for in forma pauperis status, ECF No. 2, be **DENIED**, this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(g), and all other pending motions be **DENIED**.  It is further recommended that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on April 20, 2016.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**